**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-2195

PAUL SCHULTZ,

Debtor - Appellant,

v.

H. JASON GOLD,

Trustee - Appellee,

and

KEVIN R. MCCARTHY,

Trustee.

No. 25-2293

PAUL DAVID SCHULTZ,

Debtor - Appellant,

v.

MATTHEW WARD CHENEY, U.S. Trustee,

Trustee - Appellee.

**No. 25-2295**

PAUL DAVID SCHULTZ,

> Debtor - Appellant,

v.

MATTHEW W. CHENEY,

> Trustee - Appellee.

**No. 25-2405**

CLEAR SKY FINANCIAL, LLC,

> Plaintiff - Appellee,

v.

PAUL SCHULTZ,

> Debtor - Appellant.

**No. 25-2406**

CLEAR SKY FINANCIAL, LLC,

> Plaintiff - Appellee,

v.

PAUL SCHULTZ,

Debtor - Appellant.

**No. 25-2485**

CLEAR SKY FINANCIAL, LLC,

Creditor - Appellee,

v.

PAUL SCHULTZ,

Debtor - Appellant.

**No. 25-2493**

IN RE: PAUL SCHULTZ

_____

CLEAR SKY FINANCIAL, LLC; SAMUEL JACKNIN,

Plaintiffs - Appellees,

v.

PAUL SCHULTZ,

Debtor - Appellant.

**No. 26-1086**

IN RE: PAUL SCHULTZ

_____

3

CLEAR SKY FINANCIAL, LLC; SAMUEL JACKNIN,

Plaintiffs - Appellees,

v.

PAUL SCHULTZ,

Debtor - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:25-cv-01336-LMB-IDD; 1:25-cv-01499-LMB-IDD; 1:25-cv-00322-LMB-IDD; 1:25-cv-01334-LMB-IDD; 1:25-cv-01335-LMB-IDD; 1:25-cv-01938-LMB-IDD; 1:25-cv-01843-LMB-IDD)

Submitted:  May 29, 2026                          Decided:  July 10, 2026

Before WILKINSON, KING, and RUSHING, Circuit Judges.

Nos. 25-2195, 25-2293, 25-2295, 25-2485, 25-2493, and 26-1086 affirmed; Nos. 25-2405 and 25-2406 dismissed by unpublished per curiam opinion.

Paul Schultz, Appellant Pro Se.  Craig M. Palik, MCNAMEE HOSEA, Greenbelt, Maryland; Hugh Michael Bernstein, OFFICE OF THE UNITED STATES TRUSTEE, Baltimore, Maryland; Wendy Cox, Executive Office of the United States Trustees, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Edward Joseph Grass, GRASS LAW FIRM, LLC, Burke, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

4

PER CURIAM:

Paul David Schultz petitioned the United States Bankruptcy Court for the Eastern District of Virginia for relief under Chapter 11 of the United States Bankruptcy Code. Clear Sky Financial, LLC ("Clear Sky"), one of Schultz's creditors, filed an adversary case seeking a declaratory judgment affirming the enforceability of its loan with Schultz. The bankruptcy court granted summary judgment to Clear Sky, finding Schultz's counterclaims regarding the validity of the loan meritless ("summary judgment order"). Separately, the Acting United States Trustee moved to convert Schultz's Chapter 11 Plan to a Chapter 7 Plan or to dismiss the case. After a hearing, the bankruptcy court entered an order converting the case to Chapter 7 proceedings ("conversion order"). Schultz filed multiple appeals and related motions in district court in response to the bankruptcy court's rulings. Here, we address eight consolidated appeals of the district court's rulings.

First, although Schultz did not file a direct appeal of the bankruptcy court's summary judgment order in the adversary case, he appeals the district court's orders affirming the bankruptcy court's order denying his first motion to reconsider, and dismissing as duplicative his appeal of the bankruptcy court's order denying his second motion to reconsider. *See* Nos. 25-2485, 25-2493. Similarly, he appeals the district court's order dismissing as duplicative his appeal of the bankruptcy court's order overruling his "Objection to Proof of Claim of Clear Sky Financial, LLC," in which he challenged the validity of the loan. *See* No. 26-1086. We have reviewed the record and find no reversible error. We therefore affirm the district court's orders. *Clear Sky Fin., LLC v. Schultz*, No. 1:25-cv-01334-LMB-IDD (E.D. Va. Dec. 3, 2025); *Clear Sky Fin., LLC v. Schultz*, No.

5

1:25-cv-01938-LMB-IDD (E.D. Va. Dec. 3, 2025); *Clear Sky Fin., LLC v. Schultz*, No. 1:25-cv-01843-LMB-IDD (E.D. Va Jan. 9, 2026). Schultz also seeks to appeal the district court's orders denying his emergency motions to disqualify opposing counsel for an alleged improper conflict of interest and fraudulent behavior. *See* Nos. 25-2405, 25-2406. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). Because these orders are neither final orders nor appealable interlocutory or collateral orders, we dismiss Nos. 25-2405 and 25-2406 for lack of jurisdiction.

Next, in No. 25-2295, Schultz appeals the district court's order affirming the bankruptcy court's conversion order. In No. 25-2293, he appeals the district court's order dismissing as moot his appeal of the bankruptcy court's order denying his motion to reconsider the conversion order. In No. 25-2195, Schultz appeals the district court's orders (1) denying as moot his "Emergency Motion to Strike or Disallow Consideration of Non-Party Filing" and "Emergency Motion to Disallow Notice of Appearance of [Clear Sky's counsel]"; (2) denying his emergency motions for temporary restraining order and preliminary injunction; and (3) dismissing his appeal of the bankruptcy court's order denying Schultz's motion for stay and to reschedule proceedings. We have reviewed the record and find no reversible error. *See In re Superior Siding & Window, Inc.*, 14 F.3d 240, 242 (4th Cir. 1994) (reviewing conversion determination for abuse of discretion); *Grimmett v. Freeman*, 59 F.4th 689, 692 (4th Cir. 2023) (reviewing denial of motion for preliminary injunction for abuse of discretion). Accordingly, we affirm the district court's

orders.* *Schultz v. Cheney*, No. 1:25-cv-00322-LMB-IDD (E.D. Va. Aug. 20, 2025; Sept. 15, 2025; Sept. 24, 2025); *Schultz v. Cheney*, No. 1:25-cv-01499-LMB-IDD (E.D. Va. Sept. 24, 2025); *Schultz v. Gold*, No. 1:25-cv-01336-LMB-IDD (Sept. 5, 2025; Sept. 10, 2025; Sept. 26, 2025).

Schultz has filed multiple motions in this court. In No. 25-2195, we grant his motion to consolidate; in Nos. 25-2293, 25-2405, 25-2406, 25-2485, 25-2493, and 26-1086, we grant his motions to file supplemental memoranda; in No. 25-2195, we deny his motion to file a hearing transcript; in Nos. 25-2293 and 25-2295, we deny his motions to strike Appellee's informal response brief; in No. 26-1086, we deny his emergency motions for stay pending appeal and to expedite; in Nos. 25-2293, 25-2405, 25-2406, 25-2485, 25-2493, and 26-1086, we deny his motions to approve/authorize the correction or supplementation of the record; and in Nos. 25-2195, 25-2293, 25-2295, 25-2405, 25-2406, 25-2485, 25-2493, and 26-1086, we deny his motions to approve/authorize a second and third correction and supplementation of the record. We deny all other pending motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*Nos. 25-2195, 25-2293, 25-2295, 25-2485, 25-2493, and 26-1086 AFFIRMED;*
*Nos. 25-2405 and 25-2406 DISMISSED*

---

* To the extent Schultz appeals the denial of his motion for a temporary restraining order, we lack jurisdiction to review the order and dismiss that portion of the appeal. *See Off. of Pers. Mgmt. v. Am. Fed'n of Gov't Emps.*, 473 U.S. 1301, 1303-05 (1985).